.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARROD GORDON,<br><br>    Plaintiff,<br><br>v.<br><br>J. GAETA, et al.,<br><br>    Defendants. | Case No. 1:18-cv-01572-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>THIRTY-DAY DEADLINE |

      Jarrod Gordon ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on November 15, 2018. (ECF No. 1).

      It appears from the face of the complaint that Plaintiff did not exhaust his available administrative remedies before filing this action. Plaintiff alleges that he has exhausted all remedies, however, the violation alleged in Plaintiff's third level appeal decision is a different claim than the violation alleged in Plaintiff's complaint against Defendants. Further, Plaintiff's third level appeal decision did not involve claims against Defendants.

      Accordingly, the Court will order Plaintiff to file a response within 30 days, explaining why this action should not be dismissed for failure to exhaust his administrative remedies. Such a dismissal would be without prejudice, so that Plaintiff could refile the action once he finished exhausting those remedies.

///

1

## I. LEGAL STANDARDS

"The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011) & Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)). See also Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….").

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Reyes, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

As discussed in Ross, 136 S.Ct. at 1862, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 1856. The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819. . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . .
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 1859–60.

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

## II. ANALYSIS

It appears from the face of the complaint that Plaintiff has failed to exhaust his administrative remedies before filing this lawsuit.

On the face of the complaint, Plaintiff claims Defendants retaliated against him by removing him from the SAT program because he exercised his right of freedom of expression protected by the First Amendment. (ECF No. 3). In contrast, in Plaintiff's administrative third level decision, it appears Plaintiff claimed that his removal from the SAT program by CC-III Marquez was racially motivated. (ECF No. 11.) Further, it appears Plaintiff did not allege in his

3

third level administrative appeal that the defendants named in the complaint violated his rights, or that he was retaliated against for exercising his protected First Amendment rights.

Thus, it appears from the face of the complaint that Plaintiff has not exhausted his available administrative remedies for the claim raised in his complaint prior to filing this action. See Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011) & Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed for failure to exhaust available administrative remedies. The Court notes that this dismissal would be without prejudice. Accordingly, once Plaintiff finishes exhausting his administrative remedies he could refile the complaint.

**VII. CONCLUSION AND ORDER TO SHOW CAUSE**

It appears, based on the face of the complaint, that Plaintiff failed to exhaust his available administrative remedies prior to filing his complaint.

Accordingly, it is HEREBY ORDERED that, within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed, without prejudice, for failure to exhaust available administrative remedies.

If Plaintiff fails to file a response the Court will recommend to a district judge that Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies. Again, Plaintiff may refile the case after he has exhausted his administrative remedies.

IT IS SO ORDERED.

Dated: **January 14, 2019**　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4