.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARROD GORDON,<br><br>  Plaintiff,<br><br>v.<br><br>J. GAETA, et al.,<br><br>  Defendants. | Case No. 1:18-cv-01572-LJO-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br><br>**TWENTY-ONE DAY DEALINE**<br><br>(ECF No. 1) |

  Jarrod Gordon ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that J. Gaeta and Gilliland (collectively "Defendants") retaliated against him in violation of the First Amendment. (ECF No. 1.) Because the conduct in which Plaintiff engaged and against which Defendants allegedly retaliated is not conduct protected by the First Amendment, the Court recommends that this action be dismissed for failure to state a cognizable claim.[1]

---

[1] The information in and attached to the Complaint indicates that Plaintiff did not exhaust his administrative remedies in relation to the claim he brings in this action. (ECF No. 1.) Accordingly, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to exhaust administrative remedies. (ECF No. 11.) Based on the information before the Court, including the information provided by Plaintiff in response to the order to show cause (ECF No. 13), the Court declines to decide the exhaustion issue on screening.

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."28 U.S.C. § 1915(e)(2)(B)(ii).

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that Defendants retaliated against him in violation of his First Amendment right to freedom of speech and expression.

According to the Complaint (ECF No. 1), during November 2017, Plaintiff was an inmate at Valley State Prison and was a participant in the prison's Westcare anger management program. On November 28, 2017, Plaintiff received an anger management completion certificate. Plaintiff was called to accept his certificate at "community" and he ripped the certificate in front of Westcare facilitator, Defendant Gaeta. Defendant Gaeta reported the incident to his supervisor, Defendant Gilliland. Defendant Gilliland kicked Plaintiff out of the building and removed him from the anger management program as well as all Substance Abuse Treatment ("SAT") and Cognitive Behavioral Treatment ("CBT") programs. On November 29, 2017, Plaintiff was transferred to Corcoran State Prison.

## III. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

### IV. EVALUATION OF PLAINTIFF'S COMPLAINT

Allegations of retaliation against a prisoner's First Amendment rights may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's *protected conduct*, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (emphasis added) (footnote omitted); *accord Watson v. Carter,* 668 F.3d 1108, 1114-15 (9th Cir. 2012).

In the prison context, not all speech is protected speech, and a prisoner does not have the same First Amendment rights as a non-prisoner. *See Bell v. Wolfish*, 441 U.S. 520, 545

(1979). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Thus, a prisoner's First Amendment claim, "must be analyzed in terms of the legitimate policies and goals of the corrections system . . . ." *Id.*

Here, Plaintiff alleges that he engaged in conduct protected by the First Amendment when he "freely exercise[d] my views and ripped up the anger management completion certificate." (ECF No. 1 at 2; *see id.* at 3 (alleging that Defendants retaliated against Plaintiff "for expressing his views and ripping up his anger management completion certificate")).) Plaintiff does not, however, allege a particular "view" protected by the First Amendment that he was seeking to express by ripping up the certificate of completion.[2]

Moreover, while the filing of administrative grievances and the initiation of civil litigation are protected conduct, *see Rhodes*, 408 F.3d at 567, Plaintiff is not alleging that he sought to engage in those activities. Rather, Plaintiff is alleging that he ripped up a certificate of completion for an anger management class.

Plaintiff's ripping of the certificate in front of the other participants in the anger management class was confrontational, disrespectful, and argumentative. Such conduct is not protected by the First Amendment. *See, e.g., Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) ("backtalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected"); *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) (insubordinate remarks that are "inconsistent with the inmate's status as a prisoner or with the legitimate penological objectives of the corrections system" are not protected); *Johnson v. Carroll*, 2012 WL 2069561 at *33–34 (E.D. Cal. June 7, 2012) (verbal statements made to correctional officers incident to strip search that were argumentative, confrontational, disrespectful, and "laced with expletives" was not protected conduct; "protected recourse for

---

[2] Further, according to the chrono that Plaintiff attached to the Complaint, which was authored by Defendant Gaeta, Plaintiff was acting out on a dare by other group members who encouraged him to rip up his certificate in front of "community." Defendant Gaeta warned Plaintiff not to do it and Plaintiff responded, "I am not, I am just playing." However, when Plaintiff was called up to accept his certificate he said, "thank you," then ripped up the certificate and sat back down in his chair. (ECF No. 1 at 10.)

4

challenging [the strip search] ... was to file an administrative grievance"); *Nunez v. Ramirez*, 2010 WL 1222058, at *4 (S.D. Cal. Mar. 24, 2010) ("directly [verbally] confronting a correctional officer who was attempting to enforce an indisputably valid prohibition" was not protected speech, because "[s]uch a direct, face-to-face confrontation presents a danger of a disturbance and a disruption to institutional order and discipline that a written grievance does not"); *see also Turner v. Safley*, 482 U.S. 78, 90 (1987) ("When accommodation of an asserted right will have a significant 'ripple effect' on fellow inmates or on prison staff, courts should be particularly deferential to the informed discretion of corrections officials.").

Finally, Plaintiff has not alleged facts demonstrating that the action taken by Defendants—the removal of Plaintiff from classes—was not reasonably related to legitimate penological interests. *See Rhodes*, 408 F.3d at 567-58 (for retaliation claim in prison context, plaintiff must demonstrate that the defendant's alleged retaliatory "action did not reasonably advance a legitimate correctional goal.").

Based on the foregoing, the Court finds that Plaintiff has failed to state a cognizable claim for retaliation in violation of the First Amendment.

### V. LEAVE TO AMEND SHOULD BE DENIED

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is *pro se*. *See id*. at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *Cato*, 70 F.3d at 1005-06.

After careful consideration, the Court finds that Plaintiff's allegations against Defendants cannot establish a plausible § 1983 claim as a matter of law and that amendment

5

would accordingly be futile. Plaintiff's underlying factual allegations are clear. The issue is that such factual circumstances do not give rise to a constitutional claim.

## VI. RECOMMENDATIONS

Based on the foregoing, IT IS RECOMMENDED that:

1. This action be dismissed, with prejudice and without leave to amend, based on Plaintiff's failure to state a cognizable claim under § 1983;
2. This dismissal be subject to the "three strikes" provision of 28 U.S.C. § 1915(g); and
3. The Clerk of the Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 11, 2019**　　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE